UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PAUL KAY SHIELDS,

    Plaintiff,

v.

TYLER BLEWETT; (FNU) MS. ELMORE, BHS; (FNU) K. RAMSAY, RN Mgr.; CHRISTOPHER P. DIGIULIO, MD; (FNU) J. BUGHER, Asst. Dir. HS; (FNU) MS. LACURSE; (FNU) MS. OSGOOD; (FNU) MS. SAUER; JOHN/JANE DOES 105; and the STATE OF OREGON,

    Defendants.

Case No. 2:21-cv-01001-CL

ORDER OF DISMISSAL

AIKEN, District Judge.

    Plaintiff Paul Kay Shields ("Plaintiff"), a self-represented litigant in custody at Two Rivers Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging that defendants exhibited deliberate indifference to his serious medical needs in violation of the Eighth Amendment, violated his rights under the Americans with Disabilities Act (ADA), and committed the tort of negligence.

1 – ORDER OF DISMISSAL

The Court previously issued an order identifying several deficiencies in Plaintiff's complaint. (ECF No. 8.) Plaintiff has filed an amended complaint, and Magistrate Judge Clarke referred review of the amended complaint to the undersigned district judge. In the amended complaint, Plaintiff largely reasserts the allegations raised in his original complaint concerning the improper management of his prescription medications to treat his serious mental illnesses. Specifically, Plaintiff alleges that at various points in 2019 and 2020, he was mistakenly prescribed and provided incorrect dosages of Lorazepam and Thorazine, causing him to engage in self-harm on at least one occasion. (Am. Compl. (ECF No.13), ¶¶ 21-24, 45-47, 51-52.) Plaintiff alleges that defendants' various mistakes in managing his medications constitute deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

Plaintiff's amended complaint suffers from the same deficiencies as the original. As Judge Clarke explained, Plaintiff at most alleges that one or more defendants were negligent in prescribing and administering his medication, and it is well established that "[m]ere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Although Plaintiff now asserts that his medications were changed or withheld "out of spite", to punish him, or "in hopes that [he] would suffer and cause himself . . . harm", (Compl. ¶¶ 64-65), Plaintiff's claims are conclusory and fail to state a plausible claim for relief. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of stating a plausible claim for relief).

Furthermore, Plaintiff fails adequately to allege that each named defendant, through his or her own individual actions, violated his constitutional rights. Indeed, Plaintiff's claims against several defendants appear to be predicated solely on their role as a supervisor or on the manner in

2 – ORDER OF DISMISSAL

which they handled Plaintiff's grievances or grievance appeals. Such claims, without more, are not enough to state a claim upon which relief may be granted. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (explaining that a supervisor is not responsible for the constitutional violations of his or her employees and may be held liable under Section 1983 only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them"); Todd v. Cal. Dep't of Corr. and Rehabilitation, 615 F. App'x 415, 415 (9th Cir. 2015) (affirming district court's dismissal of Section 1983 claim "regarding the processing and handling of his prison grievances because prisoners do not have a 'constitutional entitlement to a specific prison grievance procedure'").

In addition, Plaintiff alleges that the mismanagement of his medications violated the ADA. However, inadequate or negligent medical treatment does not provide a basis for liability under the ADA, and Plaintiff's allegations do not plausibly suggest that he was denied prison services or discriminated against because of a disability. Simmons v. Navajo Cty., 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability.") (abrogated on other grounds in Castro v. County of Los Angeles, 833 F.3d 1060 (9th Cir. 2016)). Accordingly, Plaintiff fails to state an ADA claim.

Finally, Plaintiff may not bring state law tort claims against these defendants in federal court. As Judge Clarke explained, the sole cause of action under Oregon law for any tort of Oregon Department of Corrections ("ODOC") officers or employees acting within the scope of their employment or duties, as alleged here, is an action against ODOC under the Oregon Tort Claims Act. See OR. REV. STAT. § 30.265(1).

In sum, the Court previously provided Plaintiff with a detailed explanation of his pleading deficiencies and granted him an opportunity to cure such deficiencies in an amended pleading. Plaintiff failed to do so. The Court therefore concludes that any further attempts to amend would

3 – ORDER OF DISMISSAL

be futile. See *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 107 (9th Cir. 2009) (noting that "where the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad") (internal quotation marks omitted).

## CONCLUSION

Based on the foregoing, the Court DISMISSES Plaintiff's Amended Complaint (ECF No. 13) for failure to state a claim. For the reasons set forth above, the Court certifies that any appeal taken from this order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3)(A).

IT IS SO ORDERED.

DATED this 18th day of April, 2022.

>             /s/Ann Aiken
>            Ann Aiken
>      United States District Judge